UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dorrelien Felix, Margaly Felix, and Jonathan C. Moore, as Administrator of the Estate of David Felix,

                Plaintiffs,

–v–

The City of New York *et al.*,

                Defendants.

16-CV-5845 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 06 2016

ALISON J. NATHAN, District Judge:

      This action arises out of the death of Mr. David Felix, who passed away on or about April 25, 2015 after allegedly being shot during an altercation with New York City police officers Harold Carter and Vincente Matias (the "Police Officer Defendants") in the lobby of his apartment building, a facility administered by the Bridge, Inc., (the "Bridge") a non-profit organization that provides supportive housing and mental health treatment to residents of New York City. Dkt. No. 1 ("Compl.") ¶¶ 1-20. In a complaint filed on July 21, 2016, Plaintiffs – the parents of Mr. Felix and the appointed administrator of Mr. Felix's estate – assert a variety of claims against the Police Officer Defendants, the City of New York (the "City"), the Bridge, and a "Jane Doe" employee of the Bridge, including, *inter alia*, constitutional claims against the Police Officer Defendants and the City under 42 U.S.C. § 1983 and *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978); claims under the Americans with Disabilities Act and Rehabilitation Act against the City; assault and battery against the Police Officer Defendants; intentional infliction of emotional distress against the Police Officer Defendants and the "Jane Doe" Defendant; negligence/premises liability and negligent infliction of emotional distress

1

against the Bridge and the "Jane Doe" Defendant; negligent hiring and training against the Bridge; wrongful death against all Defendants; and vicarious liability against the City and the Bridge. Compl. ¶¶ 109-62.

Before the Court at this early stage of the litigation is the City's letter-motion, dated August 26, 2016, to stay all proceedings in this matter pending the conclusion of the New York City Police Department's ("NYPD") internal investigation into the events precipitating Mr. Felix's death, including the Police Officer Defendants' alleged roles therein. Dkt. No. 25. The Court is advised that the Bridge consents to such a stay but that Plaintiffs oppose at least some aspect of the requested relief. *Id.* at 1.

In its application, the City contends that its conclusion as to whether the Police Officer Defendants were acting within the scope of their public employment at the time of the incident underlying this action – a statutory prerequisite to the City's assumption of their representation – may be influenced by the findings of the NYPD, which is investigating, among other things, whether the Police Officer Defendants violated NYPD procedures during the incident. *Id.* at 2. Relatedly, the City cites the risk of a disqualifying conflict running to its entire Special Federal Litigation Division if it were to assume representation of the Police Officer Defendants prior to the conclusion of the investigation only to later learn that they had been found to have violated such procedures. *Id.* The City further argues that the law enforcement privilege shields disclosure of information pertaining to ongoing investigations, thus severely curtailing its ability to gather evidence, mount a defense, and make discovery during the pendency of the NYPD's inquiry into the conduct of the Police Officer Defendants. *Id.* at 3. Finally, the City notes that awaiting the closure of the NYPD investigation before proceeding with this matter will "help streamline discovery" – as the parties will have access to the evidence developed during the course of the investigation – while working "minimal" prejudice to Plaintiffs given the investigation's anticipated conclusion in December 2016 and the likelihood that, absent a stay, the City would seek a lengthy extension of time to serve an answer. *Id.* at 3.

2

By letter response dated August 26, 2016, Plaintiffs consent to a stay of their claims against Police Officer Defendants pending completion of the NYPD investigation, but oppose a stay of their claims against the remaining Defendants. Dkt. No. 26 at 1-2. In particular, Plaintiffs appear to urge that, at least, their § 1983 claims against the City can and should proceed notwithstanding any stay of the litigation with respect to the Police Officer Defendants, because the NYPD investigation purportedly does not limit the accessibility of records related to the alleged municipal policies relevant to such claims. Dkt. No. 26 at 2. Plaintiffs also note that the Bridge has already filed a responsive pleading, *see* Dkt. No. 22, and that litigation, at least as against the Bridge, is "actively underway." *Id.*

On reply, the City argues that *Monell* discovery "is broad, burdensome, and expensive," and "would be [a] waste of time and resources" at this stage of the litigation because Plaintiffs "must prove a Constitutional violation at the hands of the individual officers as a condition to a viable *Monell* claim." Dkt. No. 27 at 1. The City suggests that, accordingly, it intends to move irrespective of a stay to bifurcate discovery of the Police Officer Defendants and *Monell* discovery. *Id.*

"It is well settled that district courts have the power to stay proceedings." *Royal Park Investments SA/NV v. Bank of America Corp.*, 941 F. Supp. 2d 367, 369 (S.D.N.Y. 2013); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants."). To decide whether a stay is appropriate, courts consider the following factors: "'(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Royal Park*, 941 F. Supp. 2d at 370 (quoting *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.*, 01-cv-1044, 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005)).

3

The Court is persuaded that, under the circumstances presented here, the foregoing considerations weigh in favor of a stay.  As noted, there is consent from all parties to stay Plaintiffs' claims against the Police Officer Defendants.  While Plaintiffs clearly have a strong interest in attempting to resolve their claims against the remaining Defendants expeditiously, the Court finds that such interest is outweighed by the burden on the remaining Defendants, and the Court, of engaging in time-consuming, expensive, and potentially wasteful and duplicative litigation of what are largely derivative claims – all with severely restricted access to information on the incident that without question constitutes the gravamen of Plaintiffs' lawsuit.  The Court also notes that any prejudice to Plaintiff arising from the contemplated stay is modest.  Given the City's representation as to the anticipated conclusion of the NYPD investigation, there is every reason to expect the stay to be comparatively brief.  Once the stay is lifted, moreover, discovery into the central figures and events in this matter will likely be substantially facilitated by the investigative efforts already undertaken by the NYPD, with Plaintiffs having lost only three to four months of, at best, circumscribed discovery.  The City's requested stay is therefore warranted.  *See, e.g., Ortiz v. City of N.Y.*, 13-cv-7367, Dkt. No. 17 at 3 (S.D.N.Y. May 30, 2014) (staying excessive force and unlawful arrest § 1983 litigation against the City and individual police officers pending investigation by Civilian Complaint Review Board); *cf. West v. City of N.Y.*, 88-cv-1801, 1996 WL 240161, at *5 (S.D.N.Y. May 8, 1996) (staying discovery on *Monell* claims against the City pending resolution of underlying claims against individual police officers).

Accordingly, the City's motion is GRANTED in its entirety, and this matter is hereby stayed.  The City shall file every sixty days from the date of this Order a letter updating the Court as to the status of the NYPD's investigation and the City's position as to the continued necessity, if any, of a stay of these proceedings, and shall file written notice of the completion of such investigation within three business days thereof.

SO ORDERED.

Dated: September 6, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge

5