UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

DORRELIEN FELIX and MARGALY FELIX, individually, and JONATHAN C. MOORE, as Administrator of the ESTATE OF DAVID FELIX,

                            Plaintiffs,

   - against -

THE CITY OF NEW YORK, a municipal entity; HAROLD CARTER and VINCENTE MATIAS, individually and in their official capacities as New York City Police Detectives; the BRIDGE INC., a domestic not-for-profit organization; and JANE DOE (as of yet unidentified employee of the BRIDGE),

                            Defendants.

------------------------------------------------------------------ X

No. 16-cv-5845 (AJN)

 

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO FILE THEIR SECOND AMENDED COMPLAINT**

 

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH Suite
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs Dorrelien Felix and Margaly Felix, individually, and Jonathan C. Moore, as Administrator of the Estate of David Felix, submit this memorandum of law in support of their motion for leave to file their Second Amended Complaint. The proposed Second Amended Complaint is attached as Exhibit 1 (in clean form) and Exhibit 2 (in redlined form) to Plaintiffs' counsel's separately submitted declaration.[1]

The case stems out of the tragic death David Felix on April 25, 2015. Mr. Felix, who was diagnosed with paranoid schizophrenia, had recently moved into a special mental-health housing run by the Defendant the Bridge. The housing unit, which was a mental health facility, included 24-hour staffing, supervised medication, and skills training with a focus on allowing the individuals to move on to more independent housing.

During the course of discovery, Plaintiffs have discovered the identity of the Bridge employee currently identified as Jane Doe to be Ms. Danielle Steeley. The discovery materials produced by the Defendants, including materials obtained by Plaintiffs only three days ago, have also revealed the involvement of a supervisor at the Bridge who instructed Ms. Steeley to unlawfully enter Mr. Felix's apartment. Given that the identities were only recently provided, and that the Defendants would not be unduly prejudiced by any such amendment, which falls within the relevant statute of limitations on all claims, the Court should grant Plaintiffs' motion and allow Plaintiff to file her proposed Second Amended Complaint.

---

[1] All exhibits referenced herein are attached to the accompanying December 4, 2017, Declaration of Luna Droubi in Support of Plaintiffs' Motion for Leave to File Their Second Amended Complaint ("Droubi Decl."). Exhibit 1 contains Plaintiffs' proposed Second Amended Complaint a redline showing the changes from the Corrected Amended Complaint.

1

## BACKGROUND

Plaintiffs filed a Complaint on July 21, 2016 alleging, *inter alia*, negligence claims against both the Bridge and one of its employees. In their First Amended Complaint, Plaintiffs specifically alleged that the employee of the Bridge negligently allowed police officers to enter the mental health facility and then negligently allowed the officers to enter Mr. Felix's apartment. The First Amended Complaint alleged that the Bridge knew of Mr. Felix's mental health issues and had designated him as a "high risk patient." (Am. Compl. ¶ 60.) The building run by the Bridge was designated as "a 24-hour Supervised Community Residence, which included '24-hour staffing, supervised medication, and an emphasis on skills training so that residents can move to more independent housing.'" (*Id*. ¶ 59.) The Bridge knew that Mr. Felix had attempted suicide and had a serious fear of law enforcement. (*Id*. ¶ 61.) The Bridge required all tenants to attend mandatory therapy sessions and alert them to their whereabouts at all times. The Bridge also had in place 24/7 security.

After obtaining discovery materials from the both the Bridge Defendants as well as the City Defendants, Plaintiffs have now discovered that a second Bridge employee, a supervisor, was involved in the incident. From the materials, Plaintiffs learned that Defendant Jane Doe, now known to be Ms. Danielle Steeley, together with her supervisor, Ms. Maritza Bryson, negligently allowed the officers to enter into the building and then into Mr. Felix's apartment. The Bridge also negligently failed to train their employees on the proper procedure when faced with a claim that officers have a warrant. (*Id*. ¶¶ 170–175; 181–185.)  Plaintiffs do not seek to add any claims to their Complaint. They only seek to amend the Complaint to add a new Defendant, Ms. Maritza Bryson and to properly identify the Jane Doe Defendant named in the

2

First Amended Complaint. Plaintiffs also seek to add a few minor factual details related to Ms. Bryson's involvement.

## PROCEDURAL HISTORY

Plaintiffs filed this suit on July 21, 2016 against, *inter alia*, the Bridge, a non-profit that provides supportive housing and mental health treatment to residents of New York City, as well as one of its employees. The Bridge answered the Complaint on August 12, 2016. (Dkt. No. 22.) The case was thereafter stayed until July 28, 2017. (Dkt. No. 62.) On September 15, 2017, Plaintiffs filed their First Amended Complaint (Dkt. No. 56.) An Initial Pretrial Conference was held on November 3, 2017 and, on November 6, 2017, the Court issued a scheduling order setting forth the discovery deadlines. On November 14, 2017, the parties served their initial disclosures. In those disclosures, the Bridge Defendant identified the Jane Doe Employee as Danielle Steeley. The Bridge also identified Ms. Maritza Bryson as an "Employee of The Bridge, Inc." who was likely to have discoverable information. (*See* Droubi Decl. at Ex. 2.) Together with its disclosures, the Bridge produced hundreds of pages of records. On November 17, 2017, the City Defendants produced thousands of pages of documents, video, audio and photographic evidence. This production was supplemented on November 29, 2017, only a few days ago. Within that production, Plaintiffs were able to review video and audio evidence of the two Bridge Employees and learned of their involvement in the incident that led to Mr. Felix's untimely death. Specifically, Plaintiffs learned that Ms. Steeley was on the phone with her supervisor, Ms. Bryon, who authorized Ms. Steeley's unauthorized entrance into Mr. Felix's apartment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides "that leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[I]f the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." *SS Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979). "'[F]utility' is [also] a valid reason for denying a motion to amend, [but] this is true only where it is 'beyond doubt that plaintiff can prove no set of facts in support' of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal citation omitted).

Rule 15's liberal allowance for amendments "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citation omitted); *see also Berry v. Vill. of Millbrook*, No. 09-CV-4234 (KMK), 2010 U.S. Dist. LEXIS 103239, at *19 (S.D.N.Y. Sept. 29, 2010) (permitting amendment); *McKenna v. Inc. Vill. of Northport*, No. CV 06-2895 (SJF) (ETB), 2007 U.S. Dist. LEXIS 50934, at *7-8 (E.D.N.Y. July 13, 2007) (same), *aff'd*, 2007 U.S. Dist. LEXIS 58254 (E.D.N.Y. Aug. 3, 2007); *A.F.C. Enters. v. N.Y. City Sch. Constr. Auth.*, No. CV-98-4534 (CPS), 2001 U.S. Dist. LEXIS 24447, at *48 (E.D.N.Y. Sept. 5, 2001) (same). "[W]hether a motion to amend should be granted or denied must depend upon the sound judicial discretion of the trial court." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

# ARGUMENT

## Leave to Amend to Identify the Newly Identified Bridge Employees and Provide Relevant Facts Should be Granted

Plaintiffs seeks leave to identify Bridge employees Danielle Steeley and Maritza Bryson as Defendants and provide a few additional facts related to their involvement in the incident that led to the tragic death of David Felix.  There is no undue delay here because Plaintiffs sought leave to add these defendants at the earliest possible moment after learning of their identities and the scope of their participation in the incident.  *See* Droubi Decl. ¶ 8; *see McKenna*, 2007 U.S. Dist. LEXIS 50934, at *12-14 (no undue delay where plaintiff discovered identify of defendant shortly before moving to amend); *A.F.C. Enters.*, 2001 U.S. Dist. LEXIS 24447, at *48 (no undue delay where amendment based on facts learned in discovery).

Identifying Ms. Steeley and Ms. Bryson as defendants will not cause them or the other Defendants undue prejudice.  Plaintiffs has always maintained that Ms. Steeley was involved in the initial interaction with Defendant Detectives Carter and Matias. Plaintiffs only just learned of her name and also discovered the identity and involvement of Ms. Steeley's supervisor, Ms. Bryson. The City Defendants have produced, among other things, audio recordings from Ms. Steeley in which she can be heard talking to Ms. Bryson. Other documents reveal that Ms. Bryson specifically authorized Ms. Steeley to unlock the door and allow the Defendant NYPD Detectives to enter into Mr. Felix's apartment. Ms. Steeley and Ms. Bryson were clearly acting within the scope of their employment at the Bridge when the incident took place.

Finally, it will not be futile to add Ms. Steeley and Ms. Bryson as defendants. As discussed, newly produced documents and video reveal that Ms. Steeley was on the phone with Ms. Bryson throughout the entire incident.  These facts, pled in the Second Amended Complaint, along with all of the other facts adequately pled there, support Plaintiffs' claims against Ms.

Steeley and Ms. Bryson. *See Pangburn*, 200 F.3d at 70-71 ("futility is . . . a valid reason for denying a motion to amend . . . only where it is beyond doubt that plaintiff can prove no set of facts in support of h[er] amended claims" (internal quotation marks omitted)). The statute of limitations is also not a problem because it has not yet run on Plaintiffs' federal or state law claims. "'[T]he statute of limitations for a claim under § 1983 that accrued in New York is three years,'" *Berry*, 2010 U.S. Dist. LEXIS 103239, at *9 (S.D.N.Y. Sept. 29, 2010) (alteration in original) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997)); three years is likewise the statute of limitations for plaintiff's state law claims, *see* N.Y. C.P.L.R. § 214(5). This action accrued on April 25, 2015, and therefore, Plaintiffs are still well-within these three year statutes.

## CONCLUSION

For the foregoing reasons, and based on the matters set forth in the accompanying declaration, the Court should grant Plaintiff's motion for leave to file her Second Amended Complaint, along with such other and further relief as may be just and proper.

Dated: New York, NY
       December 4, 2017

                                          Respectfully submitted,

                                          Luna Droubi
                                          Jonathan C. Moore

                                          *Attorneys for Plaintiffs*