# EXHIBIT 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DORRELIEN FELIX and MARGALY FELIX, individually, and JONATHAN C. MOORE, as Administrator of the ESTATE OF DAVID FELIX,

            Plaintiffs,

-against-

THE CITY OF NEW YORK, a municipal entity; HAROLD CARTER and VICENTE MATIAS, individually and in their official capacities as New York City Police Detectives; the BRIDGE INC., a domestic not-for-profit organization; and JANE DOE (as of yet unidentified employee of the BRIDGE),

            Defendants.
------------------------------------------------------------------------ x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF *MONELL* INTERROGATORIES, DEMANDS FOR PODUCTION OF DOCUMENTS TO CITY DEFENDANTS**

16 Civ. 5845 (AJN)

    Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants City of New York, Harold Carter and Vincente Matias, by their counsel Zachary W. Carter, Corporation Counsel of the City of New York, respond and object to Plaintiffs' First Set of *Monell* Interrogatories and Requests to Produce as follows:

### GENERAL STATEMENT

    1. By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to these Interrogatories and Requests to Produce to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objecting to discovery, with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5. Defendants object to any request for information that is not in their possession, custody or control.

6. Defendants object to these interrogatories under Rule 33(a)(1) of the Federal Rules of Civil Procedure to the extent they exceed twenty-five in number including all discrete subparts.

7. Defendants object in the entirety to these Interrogatories and Requests to Produce to the extent that they seek to impose obligations upon Defendants beyond that which is required under the Federal Rules of Civil Procedure.

8. Defendants continuously object in the entirety to any request for information concerning the police department that is not relevant to the subject matter of this lawsuit.

9. Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the Defendants in response to the Interrogatories.

10. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their responses to each request with additional information, if and when such information becomes available to Defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the trainings and/or courses required for all recruits and any changes to the same, that reference, discuss or train recruits about EDPs.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to the extent Interrogatory No. 1 seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Notwithstanding and without waiving, or in any way limiting these objections and the General Objections, Defendants state that all recruits are currently required to receive training about EDPs in the police academy and via CIT training which occurs at least 6 months after a recruit graduates from the police academy. Defendants further refer plaintiffs to the documents bearing Bates Nos. DEF 9694 to DEF 12399 for responsive information regarding the specifics of this training as well as the documents previously produced bearing Bates No. DEF 3184 to DEF 8752 for purposes of identifying any changes to same.

**INTERROGATORY NO. 2:**

Identify the trainings and/or courses required for all recruits, and any changes to the same, that reference, discuss, or train recruits about the use of force on EDPs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

See Objection and Response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify all in-service trainings and/or courses, and any changes to the same, that reference, discuss, or train officers related to EDPs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to the extent Interrogatory No. 3 seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Notwithstanding and without waiving, or in any way limiting these objections and the General Objections, Defendants state that members of service who graduated from the police academy prior to June of 2015 are required to receive CIT training. Defendants further refer plaintiffs to the documents bearing Bates Nos. DEF 9694 to DEF 12399 for responsive information regarding the specifics of this training as well as the documents previously produced bearing Bates No. DEF 3184 to DEF 8752 for purposes of identifying any changes to same.

**INTERROGATORY NO. 4:**

Identify all in-service trainings and/or courses, and any changes to the same, that reference, discuss, or train officers related to the use of force on EDPs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

See Objection and Response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Identify all in-service trainings and/or courses, and any changes to the same, that reference, discuss, or train supervisory officers related to EDPs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

See Objection and Response to Interrogatory No. 3. Additionally, Defendants object on the grounds that no supervisory members of service were involved in the underlying incident.

**INTERROGATORY NO. 6:**

Identify all in-service trainings and/or courses, and any changes to the same, that reference, discuss, or train supervisory officers related to the use of force on EDPs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

See Objection and Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Identify all in-service trainings and/or courses taken by the Defendant Officers since the NYPD Training Academy to present.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Without waiving, or in any way limiting the General Objections, Defendants refer plaintiffs to the documents bearing Bates Nos. DEF 12400 to DEF 12411.

**INTERROGATORY NO. 8:**

Identify the status of any NYPD Crisis Intervention Team trainings through the present including, but not limited, to:

    (a) The syllabus for the CIT trainings;

    (b) Identification or selection of officers who receive the CIT trainings;

    (c) The instructors of the CIT trainings; and

(d) Information or documents used in the CIT trainings.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to the extent Interrogatory No. 8 seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident and on the grounds that neither of the Defendants received CIT training. Defendants further object to the extent this request is vague insofar as it seeks the "status" of any CIT training.

Notwithstanding and without waiving, or in any way limiting these objections and the General Objections, Defendants state that members of service who graduated from the police academy prior to June of 2015 are required to receive CIT training and the decision regarding who in that pool receives this training when is made individually on the Borough level. Defendants further refer plaintiffs to the documents bearing Bates Nos. DEF 9694 to DEF 12399 for responsive information regarding the information or documents used in CIT trainings.

**INTERROGATORY NO. 9:**

Identify the existence of any internal investigations related to officer treatment of EDPs from 2010 to the present.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to the extent Interrogatory No. 9 seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague insofar as it seeks the identity of "any internal investigations related to officer treatment of EDPs" which is significantly overbroad. Defendants further state that complying with this request would be

extremely burdensome and on the grounds that it seeks information that is subject to privilege, implicates the privacy interests of those involved and to the extent it implicates the sealing provisions of HIPAA and New York Criminal Procedure Law §§ 160.50, 160.55, and/or New York Family Court Act § 375.1. Last, Defendants object to the extent seeks the identity of investigations that post-date the underlying incident and which may be ongoing. Notwithstanding and without waiving, or in any way limiting these objections and the General Objections, Defendants refer plaintiffs to documents bearing Bates Nos. DEF 12412 to DEF 12413 which consist of a list of the Force Investigation Division's closed investigations related to EDP incidents up through August of 2018.[1] Defendants note that this list is not limited to those instances that resulted from police action as it also includes instances, for example, that involve potential "jumpers" classified as EDPs where police respond after the fact.

**INTERROGATORY NO. 10:**

Identify all documents or information related to assigning CIT training to officers or assigning CIT-trained officers to mental health crisis incidents including, but not limited to, the number of officers assigned.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to the extent Interrogatory No. 10 seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident and on the grounds that neither of the Defendants received CIT training nor was it in place at the time of the underlying incident.

---

[1] This document was redacted only insofar as it was initially obtained as part of another action.

Notwithstanding and without waiving, or in any way limiting these objections and the General Objections, Defendants state that all recruits are currently required to receive training about EDPs in the police academy and via CIT training which occurs at least 6 months after a recruit graduates from the police academy. Defendants further state that members of service who graduated from the police academy prior to June of 2015 are required to receive CIT training and the decision regarding who in that pool receives this training when is made individually on the Borough level. Defendants further refer plaintiffs to the documents bearing Bates Nos. DEF 9694 to DEF 12399 for responsive information.

**INTERROGATORY NO. 11:**

Identify any individuals, organizations, or police forces that the NYPD consulted with regarding instituting a CIT training program.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Without waiving, or in any way limiting the General Objections, Defendants refer plaintiffs to the OIG Report entitled "Putting Training Into Practice: A Review Of NYPD'S Approach To Handling Interactions With People In Mental Crisis" available at https://www1.nyc.gov/assets/oignypd/downloads/pdf/Reports/CIT_Report_01192017.pdf.

**INTERROGATORY NO. 12:**

Identify any data on the number of calls received by the NYPD involving people in mental crisis or deemed EDPs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Without waiving, or in any way limiting the General Objections, Defendants provide the following data obtained via the NYPD Statistical Unit regarding the amount of EDP calls received by the NYPD:

2010 – 104,681;

2011 – 108,146;

2012 – 117,378;

2013 – 125,123;

2014 – 131,476;

2015 – 150,419;

2016 – 162,705;

2016 – 162,705;

2017 – 182,068; and

2018 – 136,652 (from January 1, 2018 through September 20, 2018).

## REQUESTS TO PRODUCE

**DOCUMENT REQUEST NO. 1:**

All documents relied upon in answering the foregoing interrogatories.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants refer plaintiffs to their responses to the foregoing Interrogatories.

**DOCUMENT REQUEST NO. 2:**

All documents related to EDPs and EDP training at the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request, as phrased, is vague insofar as it seeks all documents "related" to EDPs as well as overboard and burdensome for that reason and since it is not limited in time. Notwithstanding and without waiving, or in any way limiting these objections and the General Objections, Defendants refer plaintiffs to the documents bearing

Bates Nos. Defendants further refer plaintiffs to the documents bearing Bates No. DEF 3184 to DEF 8752 and DEF 9694 to DEF 12399.

**DOCUMENT REQUEST NO. 3:**

All internal memoranda concerning EDPs and EDP training at the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request, as phrased, is vague insofar as it seeks all "internal memoranda concerning EDPs and EDP training," is overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges.

**DOCUMENT REQUEST NO. 4:**

Training materials for recruit training related to EDPs from 2010 through the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

See Objection and Response to Interrogatory No. 3 for responsive information.

**DOCUMENT REQUEST NO. 5:**

Training materials for in-service training related to EDPs from 2010 through the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

See Objection and Response to Interrogatory No. 3 for responsive information.

## DOCUMENT REQUEST NO. 6:

All documents, reports, interdepartmental memos, e-mails, and/or other documents related to the number of NYPD encounters with individuals deemed EDPs or in mental health crisis.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague insofar as it seeks materials "related to the number of NYPD encounters with individuals deemed EDPs or in mental health crisis," overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges. Notwithstanding and without waiving, or in any way limiting these objections or the General Objections, Defendants refer plaintiffs to their Objections and Responses to Interrogatory Nos. 11 and 12.

## DOCUMENT REQUEST NO. 7:

For the period of 2010 through the present, all memoranda, guidelines, ESI, directives, policy statements, procedures, training materials, and any other documents, in any form and of any type, concerning the City's policies, practices, and/or procedures for:

    (a) EDPs generally;

    (b) The use of force on EDPs;

    (c) The determination as to whether an individual is, or should be deemed, an EDP;

    (d) Assigning CIT-trained officers to mental health crisis incidents;

(e) Handling or responding to an EDP or a person in a mental health crisis;

(f) Supervisory responsibilities related to EDPs;

(g) Discipline for officer mistreatment of EDPs; and

(h) Discipline for failing to properly follow procedure related to EDPs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague, overboard and burdensome. For example, it calls for documents related to supervisors when no supervisory members of service were involved as well as documents pertaining to discipline even though no remaining claim corresponds to that issue. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges. Notwithstanding and without waiving, or in any way limiting these objections or the General Objections, Defendants refer plaintiffs to the documents Bearing Bates Nos. No. DEF 3184 to DEF 8752 and DEF 9694 to DEF 12399.

**DOCUMENT REQUEST NO. 8:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents related to the transition of CIT-training procedures into the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague, overboard and

burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges. Notwithstanding and without waiving, or in any way limiting these objections or the General Objections, Defendants refer plaintiffs to their Objection and Response to Interrogatory No. 11 for responsive information regarding the transition of CIT-training procedures into the NYPD.

**DOCUMENT REQUEST NO. 9:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents related to investigations into officer treatment of EDPs and the results of any such investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague, overboard, not limited in time and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges. Last, Defendants object on the grounds this request implicates the privacy interests of those concerned, privacy interests of non-parties and to the extent it implicates the sealing provisions of HIPAA and New York Criminal Procedure Law §§ 160.50, 160.55, and/or New York Family Court Act § 375.1.

**DOCUMENT REQUEST NO. 10:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents created in response to the New York City Department of Investigation, Office of the Inspector General for the NYPD report entitled "Putting Training Into Practice: A Review of

NYPD's Approach to Handling Interactions with People in Mental Health Crisis" from January 2017.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague, overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges. Notwithstanding and without waiving, or in any way limiting these objections or the General Objections, Defendants state that changes were made to the CIT curriculum in October of 2017. Defendants further refer plaintiffs to the documents within Bates Nos. DEF 9694 to DEF 12399 that post-date October of 2017 for responsive information. Defendants note, however, that whether and to what extent those changes were in any way responsive to the report is information that can be obtained through less burdensome means such as a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 11:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents regarding post-training assessments of CIT-trained officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident and on the grounds that neither of the Defendants received CIT training. Defendants

further object to the extent this request is vague, overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges.

**DOCUMENT REQUEST NO. 12:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents regarding integration of CIT trainings into the entire NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident and on the grounds that neither of the Defendants received CIT training. Defendants further object to the extent this request is vague insofar as it seeks "documents regarding integration of CIT training," overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges.

**DOCUMENT REQUEST NO. 13:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents regarding the creation or adoption of a new Patrol Guide provision regarding procedures related to EDPs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague insofar as it does not

specify any particular Patrol Guide provision, overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges. Notwithstanding and without waiving, or in any way limiting these objections or the General Objections, Defendants refer plaintiffs to the documents Bearing Bates Nos. No. DEF 3184 to DEF 8752 and DEF 9694 to DEF 12399.

**DOCUMENT REQUEST NO. 14:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents regarding directing CIT-trained officers to situations involving EDPs or individuals in a mental health crisis.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to the extent this request seeks information that is not relevant to any claim or defense nor proportional to the needs of the case insofar as the only remaining claims against the City pertain to an alleged lack of training in place at the time of the underlying incident. Defendants further object to the extent this request is vague, overboard and burdensome. Defendants also object to the extent this request seeks materials protected by the attorney-client and/or work-product and/or deliberate process and/or law enforcement privileges.

**DOCUMENT REQUEST NO. 15:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents regarding CIT-trained officers and EDPs or individuals in a mental crisis.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

See Objection and Response to Document Request No. 14.

**DOCUMENT REQUEST NO. 16:**

All documents, ESI, reports, interdepartmental memos, e-mails, and/or other documents the City Defendant intends to or might use at trial of this matter or all documents that in any way support the City Defendant's defenses in this matter as related to Plaintiffs' *Monell* claims.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Without waiving, or in any way limiting the General Objections, Defendants state that they will follow the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Civil Rules and any rules specific to the Court.

Dated: New York, New York
March 27, 2019

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants City of New York,
Harold Carter and Vicente Matias*
100 Church Street
New York, New York 10007
(212) 356-3527

By: _____
Brian Francolla
*Senior Counsel*
Special Federal Litigation Division